Filed 9/16/14  P. v. Pham CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JIMMY DAT PHAM,<br><br>    Defendant and Appellant. | B252892<br><br>(Los Angeles County<br>Super. Ct. No. GA081451) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Dorothy L. Shubin, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

We review this case for the second time. In our first opinion, we conditionally reversed defendant Jimmy Dat Pham's conviction for possession for sale of cocaine base with a gang enhancement (Health & Saf. Code, § 11351.5; Pen. Code, § 186.22, subd. (b)(1)(A)), so that the trial court could conduct an in camera hearing on defendant's motion for *Pitchess*[1] discovery. In his *Pitchess* motion, defendant urged that his "admissions" to arresting Deputy Choong Lee were coerced, and that Deputy Lee made false statements in his report to conceal his wrongful conduct. We concluded that defendant had demonstrated good cause for discovery of "complaints of acts of coercive conduct and dishonesty (including fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, illegal search and/or seizure, false arrest, perjury, dishonesty, writing of false police reports, and planting of evidence)," any disciplinary action taken related to those complaints, as well as any exculpatory *Brady*[2] materials contained in the personnel file of Deputy Lee. (*People v. Pham* (Jul. 30, 2012, B233975) [nonpub. opn.].) We otherwise affirmed defendant's conviction. (*Ibid.*)

The following evidence was adduced at trial: On the evening of September 2, 2010, Deputy Lee was on patrol as part of a task force targeting Asian street gangs. Deputy Lee approached defendant, who was not engaged in any criminal activity, but was present in a gang hangout. Defendant told Deputy Lee that he was on probation and that his name was "Jimmy." Deputy Lee asked defendant if he was in possession of anything illegal, and defendant replied that he was carrying rock cocaine in his pocket. Deputy Lee detained and searched defendant, finding 21.9 grams of rock cocaine and $132 in cash in his pockets. (*People v. Pham*, *supra*, B233975.)

In Deputy Lee's patrol car, defendant waived his *Miranda*[3] rights and told Deputy Lee that he had been out of work for two years and that he was selling rock cocaine he

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[2] *Brady v. Maryland* (1963) 373 U.S. 83.

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

2

received "on credit" from his gang. Defendant explained that after selling drugs, he kept a portion of the proceeds and gave the rest to the gang, which would use the money for recruitment and to enhance the gang's stature. Defendant also wrote and signed a statement which said: "I was sitting at the bar when Deputy Lee asked me if I was on probation. I said yes. I had rock cocaine in my pocket. The cocaine was mine. I haven't had a job for two years. I sell cocaine. The rock cocaine was less than an ounce." (*People v. Pham*, *supra*, B233975.)

Deputy Lee testified as a gang expert with experience dealing with Asian gangs. He opined that narcotics sales are the primary moneymaking activity of Asian gangs, and when posed with a hypothetical based on the facts of this case, opined that drug possession benefits the gang by boosting its reputation, getting money for it, and facilitating recruitment. (*People v. Pham*, *supra*, B233975.)

On remand, the trial court held an in camera hearing at which it reviewed the personnel records of Deputy Lee and ordered disclosure of information regarding four complaints by three citizens. After conducting an investigation, defendant moved for a new trial based on information from these three complaining citizens. Defendant's motion for a new trial summarized interviews with the complaining citizens, but did not include affidavits. According to the motion, Citizen 1 had made two complaints against Deputy Lee. Deputy Lee had pulled him over and accused him of being in a stolen car. Citizen 1's family had to come to where he was being detained to verify that the car was not stolen. Another responding deputy knew that Citizen 1 worked as a security guard and was licensed to carry a gun. Deputy Lee asked if Citizen 1 had his gun, searched Citizen 1's car, and asked Citizen 1's mother to bring the gun to where Citizen 1 was being detained. She refused. Citizen 1 was detained for 4½ hours. Three months later, Citizen 1 was driving with his children when he was pulled over by Deputy Lee, even though he had done nothing wrong. Deputy Lee attempted to forcefully remove Citizen 1 from his car, and searched Citizen 1's car, including his daughter's backpack.

Citizen 2 was sitting in his car, waiting to pick up his children from school. Deputy Lee told him to put his hands up, made him get out of his car and take off his

3

boots, and searched him. Citizen 2 was released at the scene because he had no warrants or contraband.

Citizen 3 received a "bogus" parking ticket because Citizen 3 was involved in a dispute with Deputy Lee's family. Citizen 3 received a letter of apology from Sheriff Lee Baca.

After the prosecution filed its opposition, the court held a hearing on defendant's motion, at which no witnesses testified. The court found that defendant had not demonstrated prejudice from the failure to disclose the information before trial. As a result, the court reinstated the earlier judgment.

Defendant appealed and we appointed counsel to represent him. After reviewing the record, counsel filed a brief raising no issues and asking us independently to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On June 23, 2014, we advised defendant, who had been released from prison, that he had 30 days within which to submit any issues he wished for us to consider. No supplement brief has been filed.

We have examined the entire record, consisting of two volumes of clerk's transcripts, and three volumes of reporter's transcripts (two of which are sealed) and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106.)

**DISPOSITION**

The judgment is affirmed.


GRIMES, J.

We concur:

BIGELOW, P. J.


RUBIN, J.

4